**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No. 8:26-cr-141-JLB-LSG**

**MELISSIA KATHERINE GAUTHREAUX**
_____/

**DEFENDANT'S UNOPPOSED MOTION TO MODIFY OR CLARIFY**
**PRETRIAL CONDITIONS TO ALLOW THE PROVISION OF A REDACTED**
**CLIENT LIST IN LIGHT OF THE DUTY OF CONFIDENTIALITY AND**
**REQUEST FOR AN EXTENSION OF TIME**

The Defendant, Melissa Gauthreaux, by and through her attorney, pursuant

to 18 U.S.C. § 3142(c)(1)(B), moves unopposed to modify or clarify the pretrial

conditions imposed to allow Ms. Gauthreaux to provide partially redacted emails

and client names in compliance with her ethical duty of confidentiality to her

clients. In support of her motion, Ms. Gauthreaux states as follows:

1. On April 21, 2026, an indictment was returned against Ms.
   Gauthreaux for six counts of wire fraud, predicated on allegations that
   false and fraudulent information being provided to obtain money and
   property. 18 U.S.C. § 1343. Doc. 1.

2. On May 4, 2026, she was arraigned before Judge Lindsay S. Griffin,
   appointed counsel, and placed on conditions of pretrial release,
   including a requirement that she notify her clients of the charges

1

against her and provide satisfactory proof of that notification to Pretrial Services no later than May 12, 2026. Docs. 12-15, 17, 20.

3. Pretrial Services suggests Ms. Gauthreaux should submit a record of her notifying each client with either a screenshot of an email provided to the client and emailed to pretrial or forwarding the notice email to Pretrial Services.

4. Ms. Gautreaux is a certified public accountant and attorney in the State of Florida. As such, she has a duty of client confidentiality. She fears disclosing client information would violate her client's confidentiality and privacy rights.

5. Undersigned counsel suggested to Pretrial Services Ms. Gauthreaux redact part of her client's email and part of her client's name before forwarding the proof of notice to Pretrial Services. The government does not oppose this suggestion. Pretrial Services, along with counsel, seek clarification on the expectations of notice and verification of Ms. Gauthreaux's satisfaction of the notice requirement.

6. With the deadline looming to provide sufficient proof to Pretrial Services on May 12, 2026, Ms. Gauthreaux respectfully requests an extension of one additional week. This request is unopposed as well by Assistant United State Attorney Ms. Hoenemeyer.

2

**Memorandum of Law**

Pursuant to 18 U.S.C. § 3142(c)(3), "the judicial officer may at any time amend the order to impose additional or different conditions of release." Ms. Gauthreaux has shown good cause to amend her pretrial release conditions by permitting satisfaction of client notification requirement regarding the criminal charges through submission of documentation demonstrating such notification, with partial redaction of the client's name and email address. This approach is both reasonable and appropriate, as it is in compliance with the notification requirement while safeguarding the client's sensitive personal information. Full disclosure of private details would serve no substantive purpose and could unnecessarily compromise the client's privacy. Allowing redacted documentation strikes a practical balance, ensuring the Court can verify that the notification obligation has been met while uploading fundamental privacy considerations.

The requested modification is consistent with the least restrictive conditions under 18 U.S.C. § 3142. Allowing Ms. Gauthreaux to provide a redacted email and client name strikes an appropriate balance between the Court's interest in ensuring the public's safety and Ms. Gauthreaux's duty to protect client confidentiality and privacy. This approach ensures that she can comply with her

ethical obligations while still providing Pretrial with the information necessary to monitor compliance with pretrial conditions.

For the forgoing reasons, Ms. Gauthreaux respectfully asks this Court to grant her unopposed motion to temporarily modify her pretrial release conditions to permit partial client redactions in providing proof of compliance of client notification of charges.

**WHEREFORE**, the Defendant, Ms. Gauthreaux, respectfully moves the Court to grant Ms. Gauthreaux an extension of one additional week to comply with this Court's directive.

Respectfully submitted this 11th day of May 2026.

**CHARLES L. PRITCHARD, JR.**
**FEDERAL PUBLIC DEFENDER**

*Jaclyn Isaacs-Bacallao*
Jaclyn Isaacs-Bacallao
Assistant Federal Public Defender
Florida Bar No. 85991
400 N. Tampa Street, Suite 2700
Tampa, Florida  33602
Telephone:  (813) 228-2715
E-mail: Jaclyn_Isaacs@fd.org

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of May 2026, a true and correct copy of the foregoing was furnished by using the CM/ECF system with the Clerk of the Court, which will send notice of the electronic filing to the following:

Assistant United States Attorney, Merrilyn Elise Hoenemeyer

/s/ *Jaclyn Isaacs-Bacallao*
Jaclyn Isaacs-Bacallao
Assistant Federal Public Defender